## SYLVESTER CLARK *vs.* JOHN ROWLING, JR. and JOSEPH ROWLING.

Defendants' creditors, of whom plaintiff was one, agreed in writing to take defendants' whole property (with certain stated exceptions) by way of assignment to three specified persons, and to discharge defendants from all indebtedness "upon their executing the assignment as aforesaid" for the benefit of said creditors. Defendants executed an assignment of their property to the persons named, but reserved to themselves the surplus of the estate after payment of the creditors, and provided a compensation for the assignees. *Held,* that the reservation of the surplus prevented the agreement to discharge from operating as a satisfaction.

The provision for compensation to the assignees was also objectionable ; that was a matter to be adjusted between them and the creditors,. and the assignment should not have contained such a clause.

The assignees took possession of the property and sold it at auction. Plaintiff attended at the sale of the real estate, and afterwards expressed his regret to one of the assignees that he did not know of the sale of the personal property, saying that he wanted to bid and make the property bring as much as possible. *Held,* no ratification of the assignment, as it did not appear that plaintiff knew that it had been drawn differently from what had been agreed upon.

ASSUMPSIT upon several promissory notes made by the defendants, amounting to $870, tried at the Oneida circuit in October, 1841, before GRIDLEY, Cir. J. The defendants gave in evidence a writing as follows :—" We, creditors of J. & J. Rowling, having agreed to take their whole property by way of assignment to Horatio G. Warner, Hiram Brown and James Crouse, except their household furniture now in use by them and what the law allows to them, do, upon condition that their brother, J. G. Rowling, discharge his judgment of about $170 or $180, and come in therefor as one of the common creditors, and that John Rowling senr. discharge a certain mortgage on their property to secure an annuity of $140 per year during his life, agree with said J. & J. Rowling that we will, and do discharge them from all indebtedness to us, upon their executing the assignment as aforesaid for our benefit. Dated October 19, 1840."
This was signed by the plaintiff and other creditors of the

14

defendants. On the 20th of November following, the defendants executed a deed of assignment to the persons named by the creditors. The deed contained the following clauses. The property was transfered " subject to certain conditions hereinafter contained." Then followed—" provided always and this assignment is made upon the following conditions and limitations ; " one of which conditions or limitations was, " that if the said estate and property shall not be wholly exhausted in the discharge and payment of the demands and claims herein before mentioned, that the assignees shall account to us for the balance thereof. It being nevertheless our intention, and this assignment is made with that limitation, that the said assignees shall retain out of the avails of the said estate and property in any event a proper and reasonable compensation for all services done and performed by them ·or either of them in the discharge of their duties as such assignees as aforesaid." H. G. Warner testified, that he was one of the assignees chosen at a meeting of the creditors, and that he drew up the assignment. On the same day satisfaction was acknowledged on the judgment and mortgage of J. G. Rowling and John Rowling, Sen., and satisfaction pieces were delivered to the assignees, but satisfaction was not entered of record. The assignees took possession and sold the property at auction. The plaintiff attended the sale of the real estate, but was not at the sale of the personal property. He afterwards told one of the assignees that he regretted he did not know of the sale of the personal property, as he wanted to bid and make the property bring as much as possible. The plaintiff insisted that the action was not barred because the assignment was not made in conformity to the agreement of the creditors—the defendants had reserved to themselves the surplus of the estate after satisfying debts, and provision was made for compensating the assignees. They further insisted that the judgment and mortgage should have been satisfied of record. The judge decided and instructed the jury as matter of law that the plaintiff was not entitled to recover, and the plaintiff excepted. Verdict for the defendants.

Clark v. Rowling.

*S. Beardsley*, for plaintiff.

*C. P. Kirkland*, for defendants.

*By the Court*, BRONSON, J.   As the writing executed by the creditors was not under seal it could only operate by way of *accord*, and then the inquiry is whether *satisfaction* has followed, for an accord without satisfaction creates no bar.   The creditors say they have agreed to take of the defendants " their *whole* property by way of assignment," with certain *specified exceptions*, and they discharge the defendants " *upon their executing the assignment as aforesaid.*" The creditors are to have *all* the property, and with that they agree to be content, be it more or less.   The assignment does not conform to the terms of the proposition. The surplus of the estate, if any remain after paying debts, is reserved to the defendants.   The creditors had a right to prescribe the terms on which they would consent to discharge their debts, and nothing short of a strict compliance with the terms of the proposition on the part of the defendants could make the arrangement operate as a satisfaction of the demands.

Either through mistake or design the instrument transfering the property has been drawn like the usual assignment for the benefit of creditors, where the property is to be sold and applied to the payment of debts, reserving the surplus, if any, to the debtor, and leaving him answerable for the balance if the debts should not be fully paid.   But the agreement was that the creditors should have the specific thing in satisfaction of their debts.   However valuable the property might prove they were to have the whole, and though it might be worth no more than a tithe of the debts, the satisfaction was to be complete.

The clause providing for the compensation of the assignees is also objectionable.   The reward of the assignees was a matter to be adjusted between them and the creditors.   The defendants had nothing to do with it, and the assignment should not have been clogged with any provision on that subject.   But this is less important than the reservation of the surplus.

The persons named as assignees were not the agents of the creditors for any other purpose than that of receiving a transfer of the property when made in pursuance of the proposition. When Mr. Warner drew the assignment he was acting as agent or .counsel for the defendants. He clearly had no power to bind the creditors by any departure from the terms on which they had agreed to discharge their debts.

It is impossible to say that the plaintiff has ratified the transfer, for it does not appear that he ever saw the assignment, or was informed what were its provisions. He was present at the sale of the real estate by the assignees, and expressed his regret at not having known of the sale of the personal property, as he wished to bid and make the property bring as much as possible. But so far as appears, he was then acting upon the supposition that an assignment had been made in accordance with the terms of the proposition. He has never done any act in affirmance. of the assignment, and I do not see how he can be concluded by it. To make out a ratification it must appear that the plaintiff had either seen or been informed of the contents of the assignment, and that he has subsequently done some act under it, such as receiving a dividend, or that he 'has acquiesced in its provisions by allowing the assignees to proceed under it without giving notice of his dissent. As the case stood on the trial, I think the plaintiff was entitled to recover.

As to the mortgage and judgment it is enough that satisfaction was duly acknowledged, and satisfaction pieces placed in the hands of the assignees for the benefit of the creditors. But the verdict must be set aside on the other ground.

New trial granted.